FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 1 9 2004

LUTHER D. THOMAS, Clerk
By:
    Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EL-HAFIZ M. IBRAHIM
A # 74 966 810
PETITIONER
VS.
JOHN D. ASHCROFT
ATTORNEY GENERAL, et. al,
RESPONDENTS

CIVIL ACTION # 1:04-CV-0362-ODE

HONORABLE U.S. MAGISTRATE
JUDGE JOEL M. FELDMAN

## MEMORANDUM OF LAW IN SUPPORT OF PETITION
## FOR A WRIT OF HABEAS CORPUS & PETITION FOR SUMMARY JUDGEMENT

Petitioner, EL-HAFIZ, M. IBRAHIM (hereinafter "petitioner") is currently in the physical custody of the Atlanta District office of the United State immigration and Customs Enforcement at Tensas Parish Detention Facility in Waterproof, Louisiana, he is being held without authority of law. Hereby moves this court for consideration on petitioner's Habeas Corpus. This memorandum is supplied by petitioner to summarize the legal justification for issuance of writ of habeas corpus.

### JURISDICTION

This court has Jurisdiction to review petitioner's claim under 28 U.S.C § 2241, the general grant of habeas jurisdiction bestowed on the Federal District's courts. Neither the antiterrorism and effective death penalty act of 1996 ("AEDPA") Nor the illegal immigration reform act and immigration responsibility act of 1998 ("IIRIRA") eliminated or amended this court's authority to hear habeas cases like petitioner's INS v. St. Cyr. 533 US 289, 314 (2001) ("habeas") jurisdiction under § 2241 was not repealed by AEDPA & IIRIRA"). Mr. EL-HAFIZ also has a right to have his detention reviewed under the U.S. constitution and common law Zadvydas v. Davis, 533 U.S. 678 (2001).

### UNITED STATES LAW REQUIRES MR. EL-HAFIZ'S RELEASE

A, The United States' Government must release detainees when their removal is not foreseeable, The immigration and nationality act allows the ice to detain non-citizens waiting for removal under some specific limited circumstances.

Detention and removal of Aliens ordered removed (i) Removal period (ii) in general- Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the U.S. within a period of 90 days....(2) Detention- during the removal period, the Attorney General shall detain the alien.

8 U.S.C. § 1231(a) See also 8 C.F.R § 241.3, However once the 90 days removal period has ended, the Government's authority to detain people is greatly restricted, unless the removal is foreseeable, the U.S. Government cannot continue to detain aliens beyond a period reasonably

necessary to secure removal, See Zadvydas v. Davis 533 U.S. 678, 682 (2001) "when the alien provided good reason to believe that there is no significant likelihood of removal in the foreseeable future, the Government must respond with evidence sufficient to rebut the showing". Id. At 701 if the Government cannot show that removal is foreseeable the detainee must be released. Id.

### THERE IS NO LEGITIMATE REASON FOR MR. EL-HAFIZ'S CONTINUED DETENTION

Once it is clear that a detainee's removal is not foreseeable the Government has a very limited authority to continue detention, restraint on freedom requires an examination of Government's legitimate interest for the detainment and whether that detainment is excessive in relation to those interest, U.S. v. Salerno, 481, U.S., 739, 747 (1987), While removal is possible, the Government has a legitimate interest in detention to prevent the disappearance of aliens, See Zadvydas, 533, U.S at 690, See Jackson v. Indiana 406 U.S. 715, 738 (1972), (Where detention's goal is no longer practically attainable, detention no longer bears a reasonable relation to the purpose for which the individual was detained. While removal is possible, the Government has a legitimate interest in detention to prevent the justification for preventing flight is "Weak and non existent where removal seems a remote possibility at best.

Indefinite detention is rarely permissible, even when the detainee is especially dangerous to the community, criminal history, alone, is insufficient to justify indefinite detention, Zadvydas, 533 U.S. at 690 ("dangerousness rationale, [has to] be accompanied by some other special circumstances, such as mental illness, that helps create the danger") See: also Kansas v. Hendricks 521 U.S. 346(1997) Petitioner in this case is neither dangerous to public safety nor significant flight risk.

### CONCLUSION

Because ICE has exceeded it's authority in detaining Mr. EL-HAFIZ, his detention is illegal. The petitioner respectfully requests this court to issue a Writ of Habeas Corpus, schedule a hearing on the matter, and issue a summary Judgement ordering his release from this cutody.

RESPECTFULLY SUBMITTED ON THIS 18th DAY OF August 2004.

**EL-HAFIZ M. IBRAHIM**
A # 74 966 810
**Tensas Parish Detention Center**
**HC-62, Post Office Box 500**
**Waterproof, Louisiana 71375**